IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARKUS HUNTER,

     Petitioner,

v.

MARCUS HARDY,

     Respondent.               Case No. 11-cv-1065-DRH-SCW

## <u>MEMORANDUM & ORDER</u>

HERNDON, Chief Judge:

## I.   <u>INTRODUCTION</u>

Currently pending before the Court are respondent's motion to dismiss for lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A) (Doc. 8), as well as the matter of petitioner's failure to pay his $5.00 filing fee (Docs. 5, 9). As petitioner has failed to respond to the pending motion to dismiss, obtain permission to file a successive petition from the Seventh Circuit, and pay his filing fee, the Court **DISMISSES** petitioner's petition without prejudice.

This Court's Order dated August 9, 2012, directed petitioner to pay his $5.00 for this action or file a motion to proceed *in forma pauperis* by September 7, 2012. On August 17, 2012, respondent filed the pending motion to dismiss for lack of jurisdiction, as petitioner's current claims constitute an unauthorized successive petition under 28 U.S.C. § 2244(b)(3)(A) (Doc. 8). Thus, as petitioner's response was due by September 20, 2012, he has failed to respond within the time allotted. While the Court was awaiting petitioner's response to the motion to

dismiss, his time frame within which to pay his requisite filing fee lapsed. Accordingly, the Court entered a show cause order on September 17, 2012, requiring petitioner's fee no later than October 1, 2012. The Court stated that failure to pay would result in dismissal (Doc. 9). Thus, as of this date, petitioner has failed to respond to the allegations of respondent. Additionally, he has disregarded multiple orders of this Court regarding payment of his fee.

## II.    <u>LAW AND APPLICATION</u>

A habeas petitioner must obtain permission from the court of appeals before filing a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Where a petitioner has not obtained the necessary permission, a district court lacks jurisdiction to entertain the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

As respondent states, in 1985 petitioner was convicted of armed robbery, home invasion, and aggravated battery in Cook County. *See United States ex rel. Hunter v. Frey*, No. 98 C 6237, 2004 WL 2967445, *1 (N.D. Ill. Nov. 18, 2004) (denying habeas relief); *People v. Glover*, 527 N.E.2d 968, 969 (Ill. App. 1988) (affirming judgment on direct appeal); *see also* Illinois Department of Corrections Internet Inmate Status (Doc. 8-1). In 1998, petitioner filed in the Northern District of Illinois a Section 2254 petition challenging the judgment in that Cook County case. *See Hunter*, 2004 WL 2967445, at *1-*2. The district court denied the petition, *id.* at *5, and the Seventh Circuit denied a certificate of appealability, *see Hunter v. Frey*, No. 05-1139 (7th Cir. June 20, 2005) (Doc. 8-1). Instantly,

petitioner again challenges the same Cook County judgment. Thus, as petitioner has not obtained permission from the Seventh Circuit, respondent argues petitioner's second or successive petition must be dismissed for lack of jurisdiction.

As petitioner has failed to respond to respondent's allegations, the Court construes petitioner's silence as an admission of the merits of respondent's motion. *See* SDIL-LR 7.1(c). Thus, respondent's motion is **GRANTED** (Doc. 8). Moreover, the Court alternatively dismisses petitioner's petition for his failure to pay his filing fee. Thus, petitioner's claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.05 14:14:44 -05'00'

**Chief Judge**
**United States District Judge**